BRYANT, Judge.
Where respondent's counsel filed a no-merit brief and where careful review of the record disclosed no possible prejudicial error in the trial court's orders, we affirm the trial court's adjudication and disposition orders.
The Forsyth County Department of Social Services ("DSS") filed a juvenile petition on 18 August 2015 alleging A.S. ("Alice")[1] was a neglected juvenile because she lived in an environment injurious to her welfare.[2] DSS obtained non-secure custody of Alice that same day. After a seven-day adjudication hearing, the trial court entered an order on 20 May 2016 adjudicating Alice to be a neglected juvenile. The trial court conducted a two-day disposition hearing and entered its disposition order on 6 June 2016. The court continued custody of Alice with DSS and sanctioned placement of Alice in the home of her maternal grandparents. The court adopted a primary plan of reunification with a secondary plan of guardianship, but relieved DSS of having to make further reunification efforts with respondent. At the time of the hearings and entry of the court's orders, respondent was jailed on charges that included the first-degree murder of a child who had been in his care. Respondent appeals from the adjudication and disposition orders.
_________________________
Respondent's appellate counsel has filed a no-merit brief on respondent's behalf in which counsel states that he has made "a conscientious and thorough review" of the record on appeal and that after review of the relevant law he has "concluded that [the record] contains no issue of merit on which to base an argument for relief and that the appeal would be frivolous." Pursuant to North Carolina Rule of Appellate Procedure 3.1(d), counsel requests that this Court conduct an independent review of this case. See N.C. R. App. P. 3.1(d) (2017). In accordance with Rule 3.1(d), counsel wrote respondent a letter on 29 November 2016 advising respondent of counsel's inability to find error and of respondent's right to file his own arguments directly with this Court within thirty days of the date of the filing of the no-merit brief. Counsel attached to the letter a copy of the record, the transcripts of the hearings, and the brief filed by counsel. Respondent has not filed his own written arguments and a reasonable time for him to have done so has passed.
In addition to seeking review pursuant to Rule 3.1(d), counsel directs our attention to a potential issue with regard to whether the trial court erred in concluding Alice was a neglected juvenile based upon circumstances surrounding the injury and subsequent death of another child in respondent's care, and whether the trial court abused its discretion in determining Alice's best interests on disposition. After carefully reviewing the transcript and record, we are unable to find any possible prejudicial error in the trial court's orders. Accordingly, we affirm the trial court's adjudication and disposition orders.
AFFIRMED.
Report per Rule 30(e).
Judges DAVIS and TYSON concur.

Pseudonyms are used throughout for ease of reading and to protect the juvenile's identity. N.C. R. App. P. 3.1(b) (2017).

DSS also filed petitions alleging three of Alice's siblings were neglected juveniles, and the trial court's subsequent orders encompass all four children. However, respondent is not the father to these juveniles and they are not parties to the instant appeal.